UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PINE,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>DIRECTOR OF ATASCADARO STATE HOSPITAL,<br><br>　　　　　　　　　　Respondent. | Case No. 18-cv-2750-BAS-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br>**and**<br><br>**(2) DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE** |

On July 26, 2018, Petitioner, a civil detainee proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of California. (ECF No. 1.) On December 7, 2018, the Northern District transferred the case to this Court. (ECF Nos. 7, 8.) On December 17, 2018, the Court dismissed the case without prejudice because Petitioner had failed to satisfy the filing requirement, failed to allege exhaustion of state judicial remedies and failed to state a cognizable federal claim. (ECF No. 9.) In its Order, the Court notified Petitioner that, in order to have his case reopened, he had to either (1) pay the filing fee or provide adequate proof of his inability to pay and (2) file a First Amended Petition, no later than February 11, 2019. After receiving an extension of time (ECF No. 17), Petitioner filed a request to proceed *in forma pauperis* and a First Amended Petition on March 6, 2019, (ECF Nos. 12, 14).

## A. REQUEST TO PROCEED IN FORMA PAUPERIS

Petitioner's request to proceed *in forma pauperis* reflects that he has no funds on account at the facility in which he is presently confined. (ECF No. 14.) Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed *in forma pauperis*. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## B. FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

The First Amended Petition, however, must be dismissed because Petitioner has again failed to allege exhaustion of state judicial remedies. As discussed in this Court's previous Order, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366 (emphasis added).

Here, Petitioner fails to allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615,

619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing

filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it plainly appears from the Petition that Petitioner cannot claim any entitlement to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the request to proceed *in forma pauperis* (ECF No. 16) and **DISMISSES** the First Amended Petition (ECF No. 14) without prejudice. The Court grants Petitioner one final opportunity to cure the deficiencies, which previously warranted dismissal of his initial petition. To have the case reopened, Petitioner must file an amended petition which sufficiently alleges exhaustion of state judicial remedies **no later than June 10, 2019**. The Court will not extend this deadline further.

Petitioner is advised that if he does not submit a Second Amended Petition adequately alleging exhaustion of his state court remedies by this deadline, he will have to start over by filing a completely new habeas petition in this Court. *See In re Turner*, 101 F.3d 1323 (9th Cir. 1997).

**IT IS SO ORDERED.**

**DATED: April 25, 2019**

Hon. Cynthia Bashant
United States District Judge